# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL DOCKET NO.: 3:96CR105-8-V

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>NORMAN CRAIG, )<br>     Defendant. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on Defendant's undated letter, filed July 6, 2005, requesting a modification or reduction of his sentence. (Document #165) Defendant's letter specifically challenges the two-point gun enhancement pursuant to U.S.S.G. §2D1.1(b)(1) and asserts that "The Supreme Court has ruled that what happened to [him] was unconstitutional." (Motion, at 1.) The Court construes Defendant's letter as a Motion To Modify Sentence pursuant to 18 U.S.C. §3582.

On November 15, 1996, Defendant pled guilty to conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1). On April 11, 1997, Defendant was sentenced to a term of 151 months imprisonment. Judgment was entered on May 13, 1997. Defendant did not exercise his right to appeal his conviction and sentence. However, Defendant pursued post-conviction relief pursuant to 28 U.S.C. §2255. The petition was dismissed as untimely. *(See Civil Docket No.: 3:00CV403-V)*

As an initial matter, once final judgment is entered, the Court is unable to modify a sentence. 18 U.S.C. § 3582. While exceptions exist, none apply in this instance. Secondly, with respect to application of the gun enhancement pursuant to U.S.S.G. §2D1.1(b)(1), Defendant is not entitled to relief pursuant to Amendment 599 of the United States Sentencing Guidelines. U.S.S.G., App. C (Supp.2000). Amendment 599 prohibits guideline weapon enhancements that are based on the *same harm* charged in an

1

underlying substantive offense. Amendment 599 is not implicated by Defendant's sentence because Defendant was not convicted of violating any substantive weapons offense. Rather, Defendant only pled guilty to the drug conspiracy alleged in Count One of the Bill of Indictment. Therefore, the Court's imposition of a two-point enhancement for possessing a weapon in the course of that drug conspiracy was proper.

Finally, despite Defendant's conclusory assertion that the sentence imposed is prohibited by the Supreme Court and the U.S. Constitution, the undersigned does not construe Defendant's letter as another Motion To Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 at this time. Should Defendant wish to pursue his purported constitutional claim via a second or successive §2255 petition, Defendant should review the Fourth Circuit's instruction within United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002).[1]

Notwithstanding relatively recent changes in federal sentencing law, these new rules of law have not been designated by the Supreme Court as retroactive on collateral review. *See* Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 124 S. Ct. 2531 (2004); United States v. Booker / Fanfan, 125 S. Ct. 738 (2005); United States v. Morris, 429 F.3d 65, 72 (4th Cir.2005)(criminal defendant unable to raise Blakely or Booker claim for the first time in §2255 petition when judgment of conviction became final before the Supreme Court decided Booker).

**IT IS, THEREFORE, ORDERED** that Defendant's Motion To Modify Sentence is hereby **DENIED**.

---

[1] The undersigned does not expressly explain the relevant law because 1) the Court is not recharacterizing Defendant's motion as a §2255 petition; and 2) Defendant is not entitled to notification given that he has already unsuccessfully pursued this avenue of relief. Emmanuel, 288 F.3d at 650 (no notice required where recharacterization has no adverse impact on movant).

Signed: February 2, 2006

*Richard L. Voorhees*
Richard L. Voorhees
Chief United States District Judge