# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:96-cr-00105-W

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| NORMAN EDWARD CRAIG, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THE MATTER is before the Court on Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 191) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission. See United States Sentencing Commission Sentencing Guidelines, Amendment 706 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 711 (making Amendment 706 retroactive, effective March 3, 2008). The Government responded in opposition to the motion (Doc. No. 195). The Court has reviewed Defendant's case to determine whether he is eligible for a sentence reduction. Although it appears (and the Government concedes) that Defendant would be eligible for a sentence reduction, based upon consideration of the factors set forth in 18 U.S.C. § 3553(a), and the reasons supporting the initial sentence, the Court declines to grant the motion.

Defendant Norman Edward Craig was indicted on July 8, 1996, and charged with: (1) conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846; (2) one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a firearm during and in relation to a drug trafficking offense, in

violation of 18 U.S.C. § 924(c). On November 15, 1996, Defendant entered into a written plea agreement with the Government, pursuant to which the Government agreed to drop the firearm charge and the possession with intent to distribute substantive offense. The parties also agreed to stipulate that Defendant was responsible for between 150 and 500 grams of crack cocaine, notwithstanding the fact that the conspiracy involved the distribution of more than six (6) kilograms of crack cocaine.

It is uncontested that Defendant's original guideline range of imprisonment was between 151 and 188 months, based on an offense level of thirty-three (33) and a criminal history category of II as calculated by the Guidelines as they existed at the time of Defendant's sentencing. On April 11, 1997, the Court sentenced Defendant to be imprisoned for 151 months. Defendant now requests this Court to reduce his sentence to 121 months, which, after applying a two-level reduction in accordance with Amendment 706 to the Sentencing Guidelines, is the bottom of the amended Guidelines range. Doing so would not only result in the immediate release of Defendant, but also create a "credit" to be applied against any new sentence that the Court might later impose upon revocation of supervised release.

Section 3582(c)(2) of Title 18 provides that in the case of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," upon motion of the defendant or upon its own motion, the court *may* reduce the term of imprisonment, "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. The text of § 1B1.10, as amended, makes clear in subsection (a)(3) that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement

do not constitute a full resentencing of the defendant." Id. § 1B1.10(a)(3). In the Commentary to § 1B1.10, the Sentencing Commission emphasized that the decision to grant a sentence reduction authorized by retroactive amendments is a discretionary decision, making clear that defendants are not entitled to such reductions as a matter of right: "The authorization of such a discretionary reduction . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." Id. Background Commentary; see also U.S.S.G. § 1B1.10(a)(1) (indicating that the Court "*may* reduce the defendant's term of imprisonment," thereby recognizing that a resentencing is discretionary) (emphasis added).

The full record before the Court, including the original Presentence Report, indicates that during the course of the conspiracy, Defendant possessed and used a firearm on at least one occasion. During one of the drug transactions, Defendant brandished a .357 caliber handgun on the passenger seat of the vehicle, adjacent to where he was seated. A conviction on this count could have resulted in an additional sixty (60) months to Defendant's sentence. Moreover, the record shows the conspiracy used violence as a means to accomplish the drug distribution objective.

In addition to the violent nature of Defendant's conduct, the length of time during which Defendant participated in the conspiracy is also significant. Defendant's involvement in the drug conspiracy spanned from 1994 through July 1996, which resulted in the distribution of more than six kilograms of crack cocaine. Nevertheless, pursuant to a very favorable Plea Agreement with the Government, Defendant was sentenced as though the amount of crack cocaine attributable to him was approximately 161.5 grams, which was the total of only five controlled drug buys in February and March 1996. Furthermore, it appears to the Court that the Government carefully considered the ranges of imprisonment set forth in the Guidelines at the time it entered into the Plea Agreement with

Defendant. Considering the extensive and violent nature of the drug conspiracy to which Defendant was a member for approximately two years, a sentence of 151 months is adequate, but no greater than necessary, to accomplish the objectives of 18 U.S.C. § 3553(a).

Therefore, the Court finds that, under the facts and circumstances of this case, and in consideration of the relevant sentencing factors at § 3553(a), the original sentence is, and remains, appropriate and that no adjustment is warranted in this case. Stated otherwise, even if Defendant had the benefit of the reduced guideline range, taking into consideration the guideline recommendations and the policy considerations set forth at § 3553(a), the Court would, nevertheless, have sentenced Defendant to 151 months, which falls within the guideline range, as amended, had the Court granted Defendant's motion.[1] Accordingly, Defendant's motion is DENIED.

IT IS SO ORDERED.

Signed: April 15, 2008

Frank D. Whitney
United States District Judge

---

[1] Defendant's original guideline range, based on an offense level of 33, was between 151 to 188 months. Granting Defendant's motion to reduce his offense level by two levels to 31 would result in an amended guideline range of 121 to 151 months.