# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### DOCKET NO. 3:96-cr-00105-W

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **NORMAN EDWARD CRAIG,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

THIS MATTER is before the Court on Defendant's "Reply to Government's Response to Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Request for Reconsideration of Court's April 15, 2008 Order," filed April 15, 2008. (Doc. No. 197.) Defendant also submitted several related documents under seal. (Doc. No. 198.)

The Court is perplexed as to the nature of Defendant's filing. It is captioned as both a "Reply" and a "Request for Reconsideration." Inasmuch as the document constitutes a reply to the Government's Response, it is untimely. The Court issued its Order prior to the filing of Defendant's reply. (Doc. No. 196.) As such, the Court is inclined to treat Defendant's filing as a motion for reconsideration, notwithstanding the fact that the brief fails to specifically set forth any particular assertions of error in the Court's Order. Indeed, the bulk of the document contains argument already provided in Defendant's initial motion, the gravamen of which is Defendant's contention that "the Court should place the amended sentence in the same position within the amended range as it was in the original range." (Reply, p. 3.) Such argument fails to recognize the fact, as noted in this Court's previous Order, that a sentence reduction pursuant to retroactive amendments is not an entitlement, but is instead within the discretion of the judge. See U.S.S.G. §§ 1B1.10(a)(1), (3).

Furthermore, the brief fails to set forth any new facts or law that persuade the Court to reduce Defendant's sentence. The Court notes, however, that the facts, exhibits, and argument contained in this most recent brief are more detailed and specific than in the original motion. The Court's preference is to have the complete recitation of facts (including exhibits) and argument fully set out in the initial pleading, as opposed to a reply brief or motion for reconsideration. Nevertheless, the approach taken here by defense counsel is not prejudicial to Defendant. Had the Court received the "Reply" brief prior to issuing its Order, the contents thereof would not have changed the Court's decision as ordered. For these same reasons, Defendant has not shown good cause for the Court to reconsider its earlier Order.

As explained in the Order, Defendant's sentence of 151 months not only fell within the original guidelines, but is also within the amended guideline range that would have resulted if the Court had granted the § 3582 motion. For these reasons, under the facts and circumstances of this case and in consideration of the relevant sentencing factors at § 3553(a), the original sentence is, and remains, appropriate such that no further reduction will be allowed. Accordingly, Defendant's Motion for Reconsideration (Doc. No.197) is DENIED.

IT IS SO ORDERED.

Signed: April 24, 2008

Frank D. Whitney
United States District Judge